NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RICHARD THOMAS HAMILTON, *Petitioner*.

No. 1 CA-CR 25-0504 PRPC

FILED 07-13-2026

Appeal from the Superior Court in Maricopa County
No. CR2016-158498-001
The Honorable Daniel G. Martin, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Richard Thomas Hamilton, Buckeye
*Petitioner*

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which
Judge D. Steven Williams and Judge Kent E. Cattani joined.

**K I L E Y**, Judge:

**¶1**            Richard Thomas Hamilton petitions for review of the superior court's dismissal of his petition for post-conviction relief ("PCR"). For the following reasons, we grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

**¶2**            In November 2016, 11-year-old M.C. disclosed to her father that Hamilton, her step-grandfather, had sexually abused her. M.C.'s parents called the police. During a subsequent forensic interview, M.C.'s 7-year-old sister, A.C., disclosed that Hamilton had sexually abused her, too. Hamilton was indicted on two counts of sexual conduct with a minor and six counts of molestation of a child, all of which are class 2 felonies and dangerous crimes against children. *See* A.R.S. §§ 13-705, -1405, -1410.

**¶3**            The State moved under Arizona Rule of Evidence ("Rule") 404(c) to admit evidence of Hamilton's sexual misconduct with three teenagers whom he had met as a youth martial arts instructor. At a hearing on the motion, the State presented the testimony of an expert psychologist, Dr. Tina Garby, that the incidents showed Hamilton had a propensity for "sexual behavior towards minors[.]"

**¶4**            After Dr. Garby completed her testimony, Hamilton's counsel asked that the hearing be adjourned so that he could present the testimony of a defense expert, Dr. Phillip Elspin. The court granted the request and adjourned the hearing. After consulting with Dr. Elspin, however, Hamilton's counsel decided not to call him as a witness. When the hearing reconvened, Hamilton presented no evidence. After oral argument, the superior court granted the State's 404(c) motion and allowed the State to present the testimony of the three witnesses with whom Hamilton had sexual contact when they were minors.

**¶5**            Hamilton was tried in April and May 2018. A.C. and M.C. testified at trial, as did the three 404(c) witnesses. The State also called the investigating detectives and forensic experts who worked on the case.

**¶6**            After the State rested, the court granted the State's unopposed motion to dismiss two of the molestation counts. Hamilton moved for judgment of acquittal on the remaining charges, *see* Ariz. R. Crim. P. 20(a)(1), but the court denied his motion.

¶7            Hamilton testified on his own behalf, and presented the testimony of three other family members.

¶8            The jury convicted Hamilton of both counts of sexual conduct with a minor and all four molestation counts. In August 2018, the court sentenced Hamilton to consecutive life terms on the sexual conduct with a minor counts and consecutive 28-year terms on each of the molestation counts.

¶9            Hamilton appealed. We affirmed his convictions and sentences. *See State v. Hamilton*, 249 Ariz. 303 (App. 2020*); State v. Hamilton*, No. 1 CA-CR 18-0593, 2020 WL 3469032 (Ariz. App. June 25, 2020) (mem. decision).

¶10            Hamilton filed a PCR notice in July 2021, and the court appointed counsel for him. PCR counsel filed a notice indicating that after reviewing the file, counsel was "unable to find any claims for relief to raise[.]" Hamilton was given an opportunity to file a PCR petition *in propria persona*. He filed a 77-page petition in September 2024. Because his filing exceeded applicable page limits, the court ordered his filing stricken and set a deadline for Hamilton to file a petition of no more than 33 pages.[1]

¶11            Hamilton then filed a Motion to Appoint Expert Witness, asking the court to appoint an expert "in the field of forensic psychology and psychosexual disorders" to enable him "to obtain an affidavit" to support an IAC claim. He explained that he sought an expert to "possibly provide testimony" that a defense expert witness "would have rebutted [Dr. Garby's] testimony" at the Rule 404(c) hearing, thereby "chang[ing] the outcome" of the hearing. The court denied Hamilton's motion.

¶12            Hamilton filed a new PCR petition in May 2025, asserting that his trial counsel was ineffective at the Rule 404(c) hearing by failing to call a defense expert to rebut Dr. Garby's testimony, and was ineffective at trial by failing to offer certain pieces of evidence. He also argued that the court

---

[1] In his briefing on appeal, Hamilton poses the question, "Did the court [a]buse its discretion by limiting Petitioner's Petition for Post-Conviction Relief to 33 pages?" He offers no argument on this point, however, and so has abandoned any claim for relief on this basis. *See State v. Moody*, 208 Ariz. 424, 452, ¶ 101 n.9 (2004) (declining to address issue that appellant "mentioned" in his opening brief because he "made no argument regarding it"; "Merely mentioning an argument is not enough.").

made some erroneous evidentiary rulings at trial, and that the cumulative effect of all of these purported errors warranted a new trial.

¶13        In response, the State submitted the affidavit of Hamilton's trial counsel. In his affidavit, counsel stated, *inter alia*, that he decided against calling Dr. Esplin to testify at the Rule 404(c) hearing in part because the favorable testimony that Dr. Esplin was expected to offer had already been elicited from Dr. Garby on cross-examination. Among other things, Dr. Garby acknowledged on cross-examination that "there is a vast difference" between "postpubescent and prepubescent children[,]" a concession which, trial counsel asserted, "bolstered" the defense argument that the prior-act evidence should be disallowed because the acts Hamilton committed against the teenaged Rule 404(c) witnesses were "dissimilar" from the charged crimes against the preteen victims. Counsel explained that because he had "elicit[ed] testimony" from Dr. Garby "that undermined the State's contention that the prior acts were admissible under Rule 404(c)," a "reasonable probabilit[y]" existed that the court "would deny the State's Rule 404(c) motion" even without Dr. Esplin's testimony. Trial counsel also expressed the concern that Dr. Esplin's testimony might prove "more detrimental than beneficial" because "Dr. Esplin agreed with at least several aspects of Dr. Garby's testimony," a fact that "the State could exploit" to enhance Dr. Garby's credibility and add to the impact of her testimony. Presenting Dr. Esplin's testimony at the Rule 404(c) hearing, counsel concluded, "risked snatching defeat from the jaws of victory."

¶14        After further briefing and argument, the superior court dismissed Hamilton's PCR petition. The court held that Hamilton's IAC claims were "conclusory and speculative." The court found that Hamilton's evidentiary arguments were precluded because they were raised and rejected on direct appeal, and finally rejected Hamilton's "cumulative error" claim because Hamilton had not shown any error at all.

¶15        Hamilton timely petitioned for review. We have jurisdiction under A.R.S. §§ 13-4031, -4239(C), and Arizona Rule of Criminal Procedure 32.16(a)(1).

## DISCUSSION

¶16        We review a court's dismissal of a PCR petition for abuse of discretion while reviewing its legal conclusions *de novo*. *See State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021).

I.      **Ineffective Assistance of Counsel**

**¶17**        Hamilton asserts that the court erred in dismissing his IAC claim because, he alleges, his trial counsel was ineffective both at the Rule 404(c) hearing and at trial.

**¶18**        A court properly dismisses an IAC claim without an evidentiary hearing if the PCR petition fails to allege a colorable claim for relief. Ariz. R. Crim. P. 32.11. "A colorable claim is one that, if the allegations are true, might have changed the outcome." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citation modified). To state a colorable IAC claim, a defendant must demonstrate both that (1) counsel's performance fell below objectively reasonable standards and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To establish prejudice, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A defendant who seeks to make such a showing must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689 (citation omitted). A court may not grant relief on an IAC claim absent a showing that "counsel took an approach that no competent lawyer would have chosen." *Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (citation omitted). "In short, reviewing courts must be very cautious in deeming trial counsel's assistance ineffective when counsel's challenged acts or omissions might have a reasonable explanation." *State v. Pandeli*, 242 Ariz. 175, 181, ¶ 7 (2017). Whether counsel was ineffective "is a mixed question of fact and law," and so we "defer to the trial court's factual findings but review de novo the ultimate conclusion." *State v. Denz*, 232 Ariz. 441, 444, ¶ 6 (App. 2013) (citation omitted).

**¶19**        In support of his IAC claim, Hamilton argues, first, that his counsel was ineffective by failing to call an expert witness to rebut Dr. Garby's testimony at the 404(c) hearing.

**¶20**        "Calling an expert witness is a matter of trial strategy[.]" *State v. Sammons*, 156 Ariz. 51, 56 (1988). Because "[m]atters of trial strategy and tactics are committed to defense counsel's judgment[,]" they "generally cannot serve as the basis for an IAC claim." *Bigger*, 251 Ariz. at 408, ¶ 12 (citation modified). Whether a strategic decision was reasonable is not determined by reference to whether the decision ultimately proved successful. *See State v. Varela*, 245 Ariz. 91, 94, ¶ 8 (App. 2018) ("[D]isagreements about trial strategy will not support an ineffective

assistance claim if the challenged conduct has some reasoned basis, even if the tactics counsel adopts are unsuccessful." (citation modified)); *see also State v. Gerlaugh*, 144 Ariz. 449, 455 (1985) ("Disagreements in trial strategy will not support a claim of ineffective assistance so long as the challenged conduct has some reasoned basis."). A defense attorney's decision not to call a witness to testify will thus support an IAC claim only if the decision had no reasoned basis but, instead, resulted from "ineptitude, inexperience or lack of preparation[.]" *State v. Goswick*, 142 Ariz. 582, 586 (1984).

**¶21**      The record shows that in preparation for the Rule 404(c) hearing, trial counsel retained and consulted with Dr. Esplin, a qualified expert (or, at least, an expert whose qualifications Hamilton does not challenge). Ultimately, after consulting with Dr. Esplin, counsel decided against calling him as a witness. In his affidavit, counsel explained that he reached this decision after concluding that, in light of the concessions Dr. Garby made on cross-examination, presenting Dr. Esplin's testimony presented risk to the defense case with little corresponding benefit. Although Hamilton now disputes the wisdom of trial counsel's decision not to present Dr. Esplin's testimony, Hamilton does not even allege, much less establish, that counsel's decision lacked a reasoned basis. Absent such an allegation, Hamilton has not alleged a colorable IAC claim. *Gerlaugh*, 144 Ariz. at 455.

**¶22**      Hamilton argues that his counsel should have obtained and introduced into evidence a written report from Dr. Esplin in lieu of presenting his live testimony. In trial counsel's affidavit, however, counsel stated that "Dr. Esplin did not author any such report" and that, if he had, "the State would have objected" on hearsay grounds and "demanded an opportunity to cross-examine" Dr. Esplin. Hamilton offers nothing to rebut this explanation, nor does he identify any information that Dr. Esplin could have included in a written report that counsel had not already elicited from Dr. Garby on cross-examination. In effect, Hamilton simply asserts that defense counsel should have secured some unidentified helpful written statement from Dr. Esplin in the hope that the court would consider it while denying the State the opportunity to cross-examine Dr. Esplin about it. This speculation does not state a colorable IAC claim. *See, e.g., Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997) (rejecting IAC claim based on "[s]peculation about what an expert could have said").

¶23        Hamilton next argues that trial counsel was ineffective at trial. He does not support his argument, however, with any specific examples of counsel's purported ineffectiveness. Instead, he asserts that he submitted "over 2200 pages" of documentary evidence to the superior court to support his IAC claim, and asks us to "conduct a de novo review" of this evidence.

¶24        Appellants are required to present, in their briefing, substantive arguments supported by citations to the record. *See State v. Carver*, 160 Ariz. 167, 175 (1989). Hamilton has made no attempt to do so here, instead asking us to comb through over two thousand pages of documents in search of evidence to support his claim. Because Hamilton has not identified any facts or articulated any argument in support of his contention that his counsel was ineffective at trial, he has waived any claim for relief on that basis. *See Carver*, 160 Ariz. at 175 ("Failure to argue a claim usually constitutes abandonment and waiver of that claim."); *see also State v. Ramirez*, No. 2 CA-CR 2021-0101-PR, 2022 WL 703665 at *1, ¶ 5 (Ariz. App. March 9, 2022) (mem. decision) (holding that appellant waived challenge to trial court's evidentiary rulings by failing to "direct us to specific testimony or rulings"). Because Hamilton alleged no colorable IAC claim, the superior court did not abuse its discretion in dismissing his claim without an evidentiary hearing.

II.    **Denial of motion for expert witness**

¶25        Hamilton asserts that the superior court abused its discretion in denying his motion for the appointment of an expert witness.

¶26        The superior court may appoint an expert witness for an indigent defendant if it determines that the assistance of an expert is "reasonably necessary[.]" Ariz. R. Crim. P. 32.5(c). The appointment of experts is within the sound discretion of the trial court, and "[a]bsent substantial prejudice, we will not disturb the trial court's refusal to appoint experts." *State v. Gonzales*, 181 Ariz. 502, 511 (1995).

¶27        In support of his argument, Hamilton explains that his request for an appointed expert "was specifically related to the issues surrounding" Dr. Garby's testimony at the Rule 404(c) hearing. He needed the opinion of an expert, he contends, to demonstrate "that, but for counsel's failure to call an expert at the [Rule 404(c)] hearing, the outcome would have in fact been different."

¶28 Hamilton's argument is premised on his belief that he could establish his trial counsel's ineffectiveness by presenting evidence that another expert witness was available who might have rebutted Dr. Garby's testimony more effectively than Dr. Esplin would have. But to prevail on his IAC claim, Hamilton needed to show that trial counsel had no reasoned basis for his decision not to call Dr. Esplin as a witness. *See Gerlaugh*, 144 Ariz. at 455. Hamilton does not even attempt to make such a showing. That alone is fatal to his claim.

¶29 Hamilton's argument asks us to indulge in speculation that, had the superior court granted his request for the appointment of a new expert, that expert would have offered opinions that were more favorable to his defense than Dr. Esplin's opinions. Such speculation cannot support an IAC claim. *Grisby*, 130 F.3d at 373. But even if we were to indulge the assumption that a new expert would have offered opinions more favorable than Dr. Esplin's, Hamilton would not be entitled to relief on his IAC claim. As long as a defense attorney consults with a qualified expert, the attorney's failure to consult with additional experts cannot, as a matter of law, constitute ineffective assistance. *See Lee v. Thornell*, 118 F.4th 969, 985 (9th Cir. 2024) ("Counsel's failure to consult with additional experts is not unreasonable when counsel did retain medical experts whom he thought well-qualified." (citation modified)). Hamilton does not challenge Dr. Esplin's qualifications. In the absence of any cause to question Dr. Esplin's qualifications, evidence that his trial counsel could have retained a different expert instead of Dr. Esplin does not allege a colorable  IAC claim. *See Payton v. Cullen*, 658 F.3d 890, 896 (9th Cir. 2011) (rejecting murder defendant's IAC claim based on counsel's failure to present "a PTSD defense"; "Having retained qualified experts" who examined defendant and found no basis for such a defense, "it was not objectively unreasonable for [counsel] not to seek others."). The court did not abuse its discretion in denying Hamilton's request for the appointment of another expert.

## III.    **Evidentiary rulings**

¶30 Hamilton asserts that the superior court made "numerous erroneous rulings" at trial. He does not identify any specific ruling that he disputes. In his direct appeal, Hamilton had the opportunity to, and did in fact, raise challenges to the court's evidentiary rulings. *See Hamilton*, 2020 WL 3469032 at *5-7, ¶¶ 19, 25, 30. All of Hamilton's challenges were resolved against him on direct appeal, and so cannot properly be re-litigated in PCR proceedings. Ariz. R. Crim. P. 32.2(a)(2). Indeed, Hamilton admits that these evidentiary challenges "have been adjudicated on the merits" and states that he raises them now merely "for the purposes of

habeas review." The superior court properly dismissed, as precluded, Hamilton's challenges to evidentiary rulings made at trial.

## IV.     **Cumulative error**

**¶31**          Hamilton argues that the superior court erred in refusing to consider his claim of cumulative error. We need not address his cumulative-error argument, however, because he has shown no error at all.

### CONCLUSION

**¶32**          We grant review but deny relief.

